FAYERWEATHER et al. v. RITCH et al.

(Circuit Court, S. D. New York. October 22, 1898.)

PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT—TESTIMONY AS TO CONTENTS OF EXECUTED INSTRUMENT.

The reason for the rule which precludes an attorney or counsel from disclosing transactions or conversations between himself and his client ceases as to the contents of written instruments after they have been executed by the client, and neither such general rule nor the statute of New York (Code Civ. Proc. §§ 835, 836) prevents a counsel who prepared a codicil to the will of a client, since deceased, which codicil has been destroyed, from being required to state, if within his knowledge, whether such codicil was executed, and, if so, its contents, though he cannot, under the statute, be required to testify as to the transactions or conversations leading up to its execution.

Application to compel a witness to answer questions certified by the examiner, sitting to take testimony in equity.

One of the issues upon which complainant is seeking to put in proof is as to the destruction of a document, executed by a deceased testator and known

as "the fourth codicil," and complainant is seeking to show the contents of such codicil, which he contends was duly executed by testator in the presence of subscribing witnesses. The witness under examination is the counsel of deceased, who took his instructions for the preparation of the codicil, drew it up, delivered it to the testator, and apparently saw him execute it. Presumably he is able to testify what were the contents of the document (since destroyed), and, so far as appears, no other witness is able to do so. The witness declines to testify to the contents of the document, contending that his lips are sealed as to communications with his client, both by well-recognized principles of jurisprudence and by the statute of the state of New York.

Roger M. Sherman and Wm. Blakie, for the motion.

Joseph H. Choate, opposed.

LACOMBE, Circuit Judge (after stating the facts). It is a sound public policy which provides that an attorney or counsel should not be allowed to testify to any of the transactions or conversations between himself and his client which led up to the preparation of any document. But when the document, be it a will or a contract or what not, has been executed, its contents are no longer confidential, the reason for the rule ceases, and the counsel may as properly testify to the contents as may any other witness who knows such contents.

The statute of the state of New York provides (Code Civ. Proc. § 835) that:

"An attorney or counsellor at law shall not be allowed to disclose a communication made by his client to him or his advice given thereon, in the course of his professional employment."

At the time the cause hereinafter referred to was before the courts the next section (836) provided that:

"Sec. 836. The last three sections apply to every examination of a person as a witness, unless the provisions thereof are expressly waived by the person confessing, the patient or the client."

While the statute stood thus the case of In re Will of Coleman came before the court of appeals. 111 N. Y. 220, 19 N. E. 71. Counsel who had prepared the will of deceased under instructions from him, and had subsequently, at his request, signed the attestation clause as witnesses, were allowed to testify to the circumstances attending its execution, including the condition of his mental faculties at that time. This was upon the theory that the request to witness his will was a waiver of the privilege which the statute conferred. The language of the court was broad enough to warrant the finding of a like waiver as to the mere contents of the document in the execution of the instrument by deceased. "It would," says the court, "be contrary to settled rules of law to ascribe to the testator an intention, while making his will and going through the forms required to make it a valid instrument, to leave in operation the provisions of a statute which he had power to waive, but which, if not waived, might frustrate and defeat the whole object of his action." And certainly the whole object of a testator's action would be destroyed if, his executed will being by some accident destroyed, the only witness who could testify to its contents was forbidden to testify thereto. Since the Coleman Case the statute (Code, § 836) has been amended so that it now reads.

"Sec. 836. The last three sections apply to any examination of a witness unless the provisions thereof are expressly waived upon the trial or examination by the person confessing, the patient or the client. * * * But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate from becoming a witness, as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto." Laws N. Y. 1893, c. 295.

But even in their present form the two sections (835 and 836), taken together, seem not to be applicable to the cause at bar, provided the testimony sought to be elicited from counsel is strictly confined to a statement of the contents of a document which ceased to be confidential when it was executed. The execution of the document, however, does not make the transactions and conversations between counsel and client which led up to its execution any the less confidential, and as to such transactions and conversations there is no express, or even any implied, waiver. The privilege covers also all conversations and transactions with the client's agent or intermediary.

The witness, therefore, should answer, if he knows, as to whether or not a paper prepared by himself as counsel was in fact signed by deceased in the presence of attesting witnesses, in the form and manner required to constitute a valid publication of such paper as a testamentary document; and if he knows, or as far as he knows, he should state the contents of such published document, if he testify that the document was in fact thus published. The objections to all other questions inquiring as to conversations and transactions with his client or his client's agent, leading up to the preparation and execution of such document, are sustained. The case of Glover v. Patten, 165 U. S. 394, 17 Sup. Ct. 411, has not been overlooked, but it does not seem to be controlling to a contrary decision.